UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JOSEPH GOUGH,
    Plaintiff,

-vs-                                    Case No.
                                          Hon.
                                          **DEMAND FOR JURY TRIAL**

I.C. SYSTEM, INC.,
    Defendant.

## **COMPLAINT & JURY DEMAND**

*Joseph Gough states the following claims for relief:*

### **Jurisdiction**

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

2. This court has jurisdiction under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and 28 U.S.C. §§ 1331, 1337.

3. This Court may exercise supplemental jurisdiction over the related state-law claims arising out of the same nucleus of operative facts that give rise to the federal-law claims.

### **Parties**

4. The Plaintiff to this lawsuit is Joseph Gough, who resides in Livingston County, Michigan.

5. The Defendant to this lawsuit is I.C. System, Inc. ("IC System"), a foreign

corporation doing business in Michigan.

## Venue

6. The transactions and occurrences which give rise to this action occurred in Livingston County, Michigan.

7. Venue is proper in the Eastern District of Michigan.

## General Allegations

8. Mr. Gough owns and uses a cell phone.

9. The service for his cell phone is a "cellular telephone service" as described in 47 U.S.C. § 227(b)(1)(A)(iii).

## Factual Allegations Relative to IC System

10. At all times material and relevant hereto, IC System used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

11. IC System placed telephone calls to Mr. Gough's cell phone on and off for the last three years, including a period of approximately two months in the autumn and/or winter of 2014.

12. During this period, IC System placed calls to Mr. Gough throughout each week, including approximately ten times on each Saturday and ten times on each Sunday.

13. During this period, IC System placed calls to Mr. Gough after 9:00 p.m.

14. IC System placed some of those calls using an automatic telephone dialing system.

15. In some of those calls, IC System conveyed a message with an artificial voice or a prerecorded message.

16. Mr. Gough requested that IC System stop calling his cell phone.

17. Mr. Gough also informed IC System that he was represented by an attorney and provided IC System with his attorney's contact information.

18. Despite being provided with Mr. Gough's attorney's contact information, IC System continued to place calls to Mr. Gough.

19. IC System continued to place calls to Mr. Gough using its automatic telephone dialing system.

20. IC System continued to convey messages to Mr. Gough using an artificial voice or a prerecorded message.

## COUNT I – Fair Debt Collection Practices Act

21. Mr. Gough incorporates the preceding allegations by reference.

22. At all times relevant to this complaint, IC System – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

23. IC System is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

24. At all times relevant to this complaint, IC System sought to collect a "consumer" debt from Mr. Gough.

25. IC System's actions to collect this alleged debt from Mr. Gough violated the provisions of the FDCPA, including, but not limited to:

   a. Without the prior consent of Mr. Gough given directly to IC System or the express permission of a court of competent jurisdiction, IC System communicated with Mr. Gough in connection with the collection of a debt at unusual or inconvenient, times or places in violation of 15 U.S.C. § 1692c(a)(1).

   b. Without the prior consent of Mr. Gough given directly to IC System or the express permission of a court of competent jurisdiction, IC System communicated with Mr. Gough with the knowledge that Mr. Gough was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

   c. IC System caused Mr. Gough's telephone to ring or engaged Mr. Gough in telephone conversations repeatedly or continuously, with intent to annoy, abuse, or harass him, in violation of 15 U.S.C. § 1692d(5).

   d. IC System made a false representation of-- (A) the character, amount,

   or legal status of the debt; or  (B) any services rendered or compensation which may be lawfully received by PRA for the collection of the debt, in violation of 15 U.S.C. § 1692e(2).

26. Mr. Gough suffered damages as a result of these violations of the FDCPA.

## COUNT II – Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200 *et seq.*

27. Mr. Gough incorporates the preceding allegations by reference.

28. The central business mission of IC System is the collection of consumer debts using the United States mail service, telephone, telegram or other instrumentalities of interstate and intrastate commerce.

29. IC System regularly attempts to collect consumer debts alleged to be due another.

30. At all times material and relevant hereto, IC System used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227 (a)(1) and 47 C.F.R. 64.1200(f)(1).

31. Mr. Gough never gave IC System permission to call his cell phone number.

32. Rather, in nearly every call between Mr. Gough and IC System, Mr. Gough told IC System's agents to stop calling him.

33. IC System negligently violated the TCPA, 47 U.S.C. § 227 *et seq.*, in relation

to Mr. Gough.

34. As a result of IC System's negligent violations of the TCPA, Mr. Gough may recover statutory damages of $500.00 for each and every call in violation of the statute.

35. Alternatively, IC System knowingly or willfully violated the TCPA in relation to Mr. Gough.

36. As a result of IC System's willful violations of the TCPA, Mr. Gough may recover statutory damages of up to $1,500.00 per call in violation of the statute.

**COUNT III – Michigan Occupational Code, as alternative to claims under the Michigan Collection Practices Act**

37. Mr. Gough incorporates the preceding allegations by reference.

38. IC System is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

39. Mr. Gough is a debtor as that term is defined in M.C.L. § 339.901(f).

40. IC System's actions to collect from Mr. Gough violated the MOC, including, but not limited to, the following:

   a. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection

      with collecting a debt, in violation of M.C.L. § 339.915(e).

b. Communicating with a debtor, except through billing procedure, when the debtor is actively represented by an attorney, the attorney's name and address are known, and the attorney has been contacted in writing by the credit grantor or the credit grantor's representative or agent, unless the attorney representing the debtor fails to answer written communication or fails to discuss the claim on its merits within 30 days after receipt of the written communication, in violation of M.C.L. § 339.915(h).

c. Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor. All communications shall be made from 8 a.m. to 9 p.m. unless the debtor expressly agrees in writing to communications at another time. All telephone communications made from 9 p.m. to 8 a.m. shall be presumed to be made at an inconvenient time in the absence of facts to the contrary, in violation of M.C.L. § 339.915(n).

d. Failing to implement a procedure designed to prevent a violation by an employee, in violation of M.C.L. § 339.915(q).

41. Mr. Gough suffered damages as a result of these violations of the MOC.

42. These violations of the MOC were willful.

### COUNT IV – Michigan Collection Practices Act, as alternative to claims under the Michigan Occupational Code

43. Mr. Gough incorporates the preceding allegations by reference.

44. IC System is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

45. IC System's actions to collect from Mr. Gough violated the MCPA, including, but not limited to, the following:

   a. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt, in violation of M.C.L. § 445.252(e).

   b. Communicating with a debtor, except through billing procedure, when the debtor is actively represented by an attorney, the attorney's name and address are known, and the attorney has been contacted in writing by the credit grantor or the credit grantor's representative or agent, unless the attorney representing the debtor fails to answer written communication or fails to discuss the claim on its merits within 30 days after receipt of

       the written communication, in violation of M.C.L. § 445.252(h).

  c.    Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor. All communications shall be made from 8 a.m. to 9 p.m. unless the debtor expressly agrees in writing to communications at another time. All telephone communications made from 9 p.m. to 8 a.m. shall be presumed to be made at an inconvenient time in the absence of facts to the contrary, in violation of M.C.L. § 445.252(n).

  d.    Failing to implement a procedure designed to prevent a violation by an employee, in violation of M.C.L. § 445.252(q).

46. Mr. Gough suffered damages as a result of these violations of the MCPA.

47. These violations of the MCPA were willful.

## Demand for Jury Trial

48. Mr. Gough demands trial by jury in this action.

## Demand For Judgment for Relief

49. *Accordingly, Mr. Gough requests that the Court grant:*

  a.    *Actual damages for items including emotional distress, mental anguish,*

*frustration, humiliation, and embarrassment.*

b. *Statutory damages.*

c. *Treble damages.*

d. *Statutory costs and attorney fees.*

Respectfully Submitted,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

By: /s/ Carl Schwartz
Carl Schwartz (P-70335)
Attorney for Joseph Gough
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Carl@MichiganConsumerLaw.Com

Dated: September 28, 2015